UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT LEE BYRANT,

       Plaintiff,

  v.

MVH HOSPITAL,

       Defendant.

Case No. 1:16-cv-840

Black, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

On August 15, 2016, Plaintiff filed a motion seeking leave to file a complaint in this Court *in forma pauperis*, or without payment of fees. (Doc. 1). Attached to Plaintiff's motion were copies of two separate complaint forms, neither of which was signed. (Doc. 1-1). The undersigned reviewed the documents as part of an initial screening, pursuant to 28 U.S.C. § 1915(e)(2).

On August 24, 2015, the Court entered a Deficiency Order directing Plaintiff to resubmit, by September 8, 2016, legible signed copies or his complaint on the appropriate form, together with USM 285 forms, and properly completed summons forms that clearly identified the person or parties he is seeking to sue as Defendants. Plaintiff has failed to comply with the Deficiency Order. For the reasons stated in the prior Order, and based on Plaintiff's failure to comply with the clear Order of this Court, I now recommend dismissal of the complaint.

The preliminary analysis of the August 24 Order is repeated for the convenience of this Court:

> Plaintiff's *in forma pauperis* motion identifies the Defendants as "State Lawfacment" [sic] and "Chearch Stat Haspitles." [sic] (Doc. 1). In contrast to that motion, the first attached complaint form identifies the Defendants as "Mogomry Conty & Butler" and "Sherf Deparments & Secute wokerovds" [partially illegible, sic]. (Doc. 1-1 at 1). In a separate section, the same form identifies the Defendants as "Law Enfocment & cruisers." (Doc 1-1 at 2). A second complaint form identifies a different set of Defendants variously as "MVH Hospital" and as "Dayton Police Silling" and "Sheif Surgant Magur," (Doc. 1-1 at 7),[1] and as "Mogany Cout Sherf Department, Dayton Police Officers [illegible], Cherch MVH 7 floor." [sic] (Doc. 1-1 at 7-8).
>
> The *in forma pauperis* motion and the two complaint forms were submitted on forms ordinarily designed for use by plaintiffs who are incarcerated, who are subject to unique screening standards under the Prison Litigation Reform Act ("PLRA"). It does not appear that Plaintiff Bryant is presently incarcerated; therefore, Plaintiff has used an incorrect form in addition to his procedural error in submitting two separate complaint forms rather than a single complaint. Additionally, Plaintiff has failed to submit properly completed summons forms and U.S. Marshal 285 forms, in the event that Plaintiff is permitted to proceed without payment of a filing fee.
>
> Plaintiff submitted a check for $5.00 with his initial filing. Plaintiff's check will be returned to him. The filing fee for civil actions is $400.00 if *forma pauperis* status is denied. The Court will conditionally accept Plaintiff's *in forma pauperis* motion for further as proof of his poverty, insofar as the motion appears to provide relatively complete financial information and is signed.
>
> The two complaint forms tendered by Plaintiff cannot be accepted by this Court. Under Rule 11, Fed. R. Civ. P., every complaint or other paper must be signed by a party personally if that person is not represented by an attorney. Under Rule 11(a), "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the …party's attention."

---

[1] In administratively opening the above-captioned case, the Clerk of Court listed only "MVH Hospital" as a Defendant on the docket sheet. If and when Plaintiff tenders a validly signed complaint, the undersigned will correct the docket to reflect the appropriate Defendant(s).

2

(Doc. 2). As stated, this Court cannot accept and must strike any unsigned complaint. It is worth noting that even if the documents originally tendered by Plaintiff had been signed, they fail to state a claim against any Defendant and the complaint forms would be subject to dismissal under 28 U.S.C. § 1915(e)(2)(B).

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915 (e)(2)(B)(ii). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429

3

U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010)("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

The complaint forms originally submitted by Plaintiff do not withstand scrutiny under the *Twombly* and *Iqbal* standards, even if they were not subject to being stricken as unsigned.

**Accordingly, IT IS RECOMMENDED THAT** Plaintiff's complaint be dismissed with prejudice based upon Plaintiff's failure to comply with Rule 11. In the alternative, the complaint should be dismissed with prejudice for failure to state a claim, pursuant to 28 U.S.C. §1915(e)(2)(B).

       *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT LEE BYRANT,

    Plaintiff,

  v.

MVH HOSPITAL,

    Defendant.

Case No. 1:16-cv-840

Black, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

          *s/ Stephanie K. Bowman*
          Stephanie K. Bowman
          United States Magistrate Judge

5